299 So.2d 69 (1974)
J.P. STEVENS & CO., INC., Appellant,
v.
HARRELL INTERNATIONAL, INC., Appellee.
J.P. STEVENS & CO., INC., Appellant,
v.
FLAGSHIP PRODUCTS, LTD., Appellee.
Nos. T-490, U-92.
District Court of Appeal of Florida, First District.
July 23, 1974.
Rehearing Denied September 6, 1974.
James E. Hodge, of Jones, Foerster & Hodge, Jacksonville, for appellant.
Davisson F. Dunlap, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Orlando, and Ellis E. Neder, Jr., Jacksonville, for appellees.
JOHNSON, Judge.
By these consolidated appeals, appellant seeks review of two Orders denying its motions to stay the proceedings and compel arbitration.
We do not deem it necessary to set forth in detail the facts surrounding the disputes involved herein. Suffice it to say that appellant entered into agreements with both appellee Harrell and appellee Flagship for the distribution and sale of a product manufactured by appellant. Although various negotiations took place as early as April of 1970 between appellant, Harrell and Flagship, the latter being a wholly-owned subsidiary of Harrell created for the purpose *70 of marketing appellant's product, a formal agreement was entered into between appellant and Flagship in December of 1970. Appellee Harrell was not named as a party to nor did it sign this agreement. Paragraph XVI of said agreement between appellant and Flagship provides in part as follows:
"In the event the parties are unable to agree as to the effect or interpretation of any terms or provisions of this agreement, then the matter shall be submitted to arbitration. Such arbitration shall be held in the City of New York ..."
The preceding paragraph, XV, provides that
"This Agreement supersedes any prior agreements between the parties, written or oral, and states the entire agreement and all understandings between the parties with respect to the distributorship arrangement."
In August of 1971, a defect relating to the longevity of the shelf life of the product was discovered. The appellees determined that because of this defect the product was unsuitable for sale and distribution to the public and was required to be removed from the market.
In August of 1972, appellees, as co-plaintiffs, filed suit against appellant alleging causes of action for fraudulent misrepresentation, breach of implied warranties and breach of express warranties. After various motions and amended pleadings which resulted in appellees filing separate causes of actions against appellant, appellant filed, in each of the two cases against him, a motion to stay and compel arbitration in accordance with Paragraph XVI of the December, 1970 agreement. Both of these motions were denied and, by these consolidated appeals, appellant seeks review of the Orders denying its motions to stay and compel arbitration.
We have heard oral argument in this cause and have carefully examined the records on appeal and the briefs submitted by the parties. Upon our consideration thereof, we affirm that Order denying appellant's motion to stay and compel arbitration as to appellee Harrell and reverse that Order denying said motion as to appellee Flagship.
As to appellee Harrell, it is not bound by the arbitration provisions of the December, 1970 agreement inasmuch as it was neither a party to, nor a signatory of, said agreement. Nor is there anything in the record to indicate that Harrell ever intended, either before or after the execution of the 1970 agreement, to be bound as a party to said agreement between its subsidiary and appellant. Finally, there has been no showing that Harrell was Flagship's alter-ego.
As to appellee Flagship, we reverse and hold that the motion to stay and to compel arbitration in accordance with the terms of the agreement between appellant and Flagship should have been granted. We reject Flagship's contentions that the causes of action asserted by it are not encompassed by the provisions of the arbitration clause and that said clause was not intended to apply to disputes and claims which arose prior to its signing. As noted above, Paragraph XV clearly states that the agreement supersedes any prior written or oral agreements between the parties and states the entire agreement and all understandings between the parties. Paragraph IV of the agreement sets forth the liabilities of the parties. The arbitration clause in the agreement is very broad in referring to arbitration every inability of the parties "to agree as to the effect or interpretation of any terms or provisions of this agreement."
In conclusion, we feel that the causes of action asserted in appellee Flagship's complaint are subject to the arbitration clause of the December 9, 1970 agreement between appellant and Flagship and that the trial court erred in refusing to compel arbitration.
*71 We have considered the remaining contentions of the parties and find them to be without substantial merit.
Accordingly, we affirm the Order denying appellant's motion to stay and compel arbitration in the case of appellee Harrell and we reverse the similar Order in the case of appellee Flagship.
Affirmed in part and reversed in part.
SPECTOR, Acting C.J., and BOYER, J., concur.