336 So.2d 461 (1976)
Bernard E. KARLEN, Appellant,
v.
GULF & WESTERN INDUSTRIES, INC., et al., Appellees.
No. 75-1222.
District Court of Appeal of Florida, Third District.
July 27, 1976.
Rehearing Denied September 8, 1976.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and J. Frost Walker, III, Miami, Norman Winer, New York City, for appellant.
Myers, Kaplan, Levinson & Kenin and Thomas R. Spencer, Jr., Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
PER CURIAM.
In 1967, Karlen and others entered into an agreement with Gulf & Western Industries, Inc., which among other things stated as follows:
* * * * * *
"18. Any dispute between the parties arising out of or related to this contract shall be submitted to arbitration before the American Arbitration Association in the State of Florida at the nearest city having American Arbitration Association facilities pursuant to its rules."
* * * * * *
*462 Thereafter, Karlen and the appellees (except Tele-Communications, Inc.) engaged in an arbitration proceeding which terminated in June of 1973. The right of Karlen to require the appellees (except Tele-Communications, Inc.) to arbitrate was not determined in the earlier proceeding. Karlen then attempted to originate a second arbitration proceeding against the appellees by a demand for arbitration, which did not attach any written provision requiring arbitration by any of the parties. In fact, this particular part of the demand for arbitration was x'd out. Subsequently, the appellees brought the instant action to enjoin this second arbitration proceeding. After receiving stipulated facts and evidence, the trial court enjoined the arbitration proceedings against all the parties, except Gulf & Western in accordance with the 1967 agreement, for any alleged claims that arose subsequent to the termination of the 1973 arbitration.[1] This appeal ensued.
We affirm the action of the trial judge, first because there was no proper demand for the arbitration when no written provisions requiring arbitration were attached to the demand. G & N Construction Company v. Kirpatovsky, Fla.App. 1966, 181 So.2d 664; Wood-Hopkins Contracting Company v. C.H. Barco Contracting Company, Inc., Fla.App. 1974, 301 So.2d 479; United States v. Moorman, 338 U.S. 457, 70 S.Ct. 288, 94 L.Ed. 256; Arbitration Rules of the American Arbitration Association, § 7(b). Further, the arbitration provision in the 1967 agreement was a personal covenant between Karlen and Gulf & Western, which was not assumed by any of the other corporations involved in this litigation. Orion Shipping & Trading Co. v. Eastern States Petroleum Corporation of Panama, S.A., 2nd Cir.1963, 312 F.2d 299; Beacon Construction Company of Massachusetts, Inc. v. Prepakt Concrete Company, 1st Cir.1967, 375 F.2d 977; Application of Jacoby, S.Ct. N.Y. Co. 1942, 33 N.Y.S.2d 621; 5 Am.Jur.2d, Arbitration and Award, § 22. To bind successor parties in interest to a personal covenant to arbitrate between Karlen and Gulf & Western would have taken some written evidence of such undertaking. There was no provision in the Karlen and Gulf & Western 1967 agreement that such a covenant to arbitrate was to be binding on the successors or assigns of either Karlen or Gulf & Western; this was simply a personal covenant to arbitrate between these parties. This right still remains and, therefore, the final judgment here under review be and the same is hereby affirmed.
Affirmed.
NOTES
[1] Gulf & Western does not allege any error in this ruling.