538 So.2d 890 (1989)
FEDERATED TITLE INSURERS, INC., and First Federated Savings Bank, Appellants,
v.
Howard WARD, Service Title Agency, Inc., and American Arbitration Association, Inc., Appellees.
No. 88-1044.
District Court of Appeal of Florida, Fourth District.
January 11, 1989.
As Corrected on Denial of Rehearing March 15, 1989.
*891 Joseph L. Ackerman, Jr., of Moore, Farmer, Menkhaus & Juran, P.A., Boca Raton, for appellants.
F. Pen Cosby, Miami, for appellee-Service Title Agency, Inc.
John Beranek, of Klein & Beranek, P.A., West Palm Beach, and Simons, Simons and Tobin, Fort Lauderdale, for appellee-Howard Ward.
PER CURIAM.
This is an appeal from a non-final order determining that the appellants must participate in arbitration proceedings. We reverse.
On July 20, 1984, Howard Ward entered into an employment agreement with Service Title Agency Inc., which provided that Mr. Ward would serve as the president of Service Title. On that same date, Mr. Ward entered into a shareholders agreement with the shareholders of Service Title. The shareholders were Federated Title Insurers Inc., Simon Bloom, and Howard Ward. In a letter dated July 20, 1984, First Federated Savings Association of Florida bound itself to all provisions of the shareholders agreement affecting Federated Title with the same force and effect as though it were a signatory and party to that agreement. Federated Title is a wholly owned subsidiary of Federated Financial Corporation which in turn is a wholly owned subsidiary of First Federated Savings Association of Florida. In July, 1986, Service Title terminated Ward's employment. Ward disputed his termination and demanded arbitration pursuant to his employment contract with Service Title. Ward sought to include the appellants in the proceedings and the American Arbitration Association (AAA) determined that the appellants were proper parties to Mr. Ward's arbitration demand. It was because of the AAA's determination that the appellants sought injunctive relief.[1] In denying the request for injunctive relief, the trial court determined that the appellants were required to submit to arbitration because they were parties to the employment agreement by way of their involvement in the stockholder's agreement.
Arbitration provisions are personal covenants, usually binding only upon the parties to the covenant. For instance, in a contract where one party is a corporation, its successor in interest is not usually bound to its terms. Karlen v. Gulf and Western Industries, 336 So.2d 461 (Fla. 3d DCA 1976). Similarly, a parent corporation which is not a signatory party to an agreement is not bound by its arbitration provision. Steinberg/W.F.I. Industries Inc. v. D.C.M. and Associates, 522 So.2d 512 (Fla. 4th DCA 1988). Claims of various entities, even though interrelated, must ordinarily be treated separately. A parent corporation will not be held liable for the actions of its subsidiary unless the subsidiary is deemed to be a mere instrumentality of the parent. Unijax Inc. v. Factory Insurance Association, 328 So.2d 448 (Fla. 2d DCA 1976). For a subsidiary to be considered a mere instrumentality of a parent corporation, there must be: (1) control of the parent over the subsidiary "to the degree that it is a mere instrumentality." (2) parent committed fraud or wrongdoing through its subsidiary. (3) unjust loss or injury to a claimant, such as when the subsidiary is insolvent. Id. at 454. A mere instrumentality finding is rare. Id.
Unless it is found that Service Title was the mere instrumentality of the appellants, or that the two agreements constituted a contemporaneous transaction clearly indicating an intent to bind appellants, the appellants are not bound to the terms of the employment contract. See J.P. Stevens and Co. v. Harrell International, Inc., 299 So.2d 69 (Fla. 1st DCA 1974). Without these findings, the arbitration provisions of one contract cannot be extended to a separate contract. Callejas v. Keyes Co., 485 So.2d 6 (Fla. 3d DCA 1986); Eugene W. Kelsey and Son, Inc. v. Architectural *892 Openings, 484 So.2d 610 (Fla. 5th DCA 1986).
There is simply no evidentiary basis to conclude that appellants are bound to the employment agreement under the theory of mere instrumentality. The court apparently found that the appellants would receive the assets of Service Title if it were to dissolve. The court's finding is probably based on the fact that the appellants own most of the stock of Service Title, while Mr. Ward owns the remainder. Despite the court's finding that the appellants own the majority of Service Title, though, there is not a finding that the appellants control Service Title. The court also noted that the employment agreement provided Mr. Ward with the same benefits that the appellants provide to their employees. However, the court did not cite to a fact to show that the appellants acted wrongfully through Service Title. While the court observed that Service Title was having financial problems, it did not find that the financial problems were part of any wrongdoing.
Nor is there an evidentiary basis to conclude that the appellants intended to be bound by the arbitration provisions by virtue of the contemporaneous transaction doctrine. See International Ship Repair and Marine Services, Inc. v. General Portland, Inc., 469 So.2d 817 (Fla. 2d DCA 1985), rev. denied, 479 So.2d 117 (Fla. 1985). In General Portland, the fact that one party in a tri-party contract was not a party to an earlier agreement, that involved a leasing of an easement between the other parties, did not prevent a finding of a contemporaneous transaction where the subject matter of the two contracts was related. Id. at 818. In General Portland, the subject matter of the tri-party contract established the docking provisions of two shippers with regard to the leased easement. Id. at 819. In the instant case, the shareholder agreement does not directly relate to the employment contract. The shareholders agreement dictates the conduct of the shareholder, while the employment contract dictates the conduct of the corporation's president. Without one of these agreements, the other one could nonetheless exist. In General Portland, on the other hand, the tri-party contract with the shippers could not exist without the lease of the easement for docking. The two agreements in the instant case did not involve the same parties. The employment contract was between Service Title and Mr. Ward, while the shareholder contract was between the shareholders of Service Title. We find no basis for concluding that the contracts in the instant case are interrelated enough to bind the appellants to the employment contract.
For the reasons enunciated above, we reverse the lower court's order and remand for further proceedings consistent herewith.
HERSEY, C.J., ANSTEAD and LETTS, JJ., concur.
NOTES
[1] We have some question as to whether AAA had any legal authority to compel appellant's participation in the arbitration. However, we treat the proceedings below as a declaratory decree proceeding to determine the proper participants in the arbitration.