ALTENBERND, Judge.
The defendants, Barnett Securities, Inc. (Barnett Securities); Barnett Banks, Inc. (Barnett); Barnett Bank of Jacksonville (Barnett-Jacksonville); Barnett Bank of Naples (Barnett-Naples); and William Gibbs, Jr., appeal an order compelling them to arbitrate the claims of Mr. and Mrs. Faerber. We reverse.
In January 1985, the Faerbers invested $1,200,000 in Washington Public Power Supply bonds. The bonds provided substantial tax-free income at favorable interest rates. In 1992, the bonds were called. Thereafter, the Faerbers filed a claim for arbitration with the National Association of Securities Dealers (NASD), alleging that the defendants had misinformed them concerning the call features of the bonds.
In their claim for arbitration, the Faerbers explain that they reside in Naples and bank with Barnett-Naples. The Faerbers arranged to buy the bonds with assistance from Barnett-Naples. Mr. Gibbs provided the expert advice leading to the purchase of these bonds. Mr. Gibbs apparently worked either for Barnett Securities, a subsidiary of Barnett, or for Barnett-Jacksonville.
The defendants responded to the claim in arbitration. Significantly, the defendants have always admitted that Barnett Securities is a member of NASD, and that both it and Mr. Gibbs are subject to arbitration. The other defendants deny that they are parties to any arbitration agreement, but joined in a motion to dismiss or strike in the arbitration proceeding on the basis that the Faerbers’ claim was barred by the six-year period under section 15 of the NASD Code of Arbitration Procedure. That motion was appropriately filed in the NASD proceeding because the period of limitations under section 15 is generally a matter to be resolved by the arbitrators rather than by a court. Wylie v. Investment Management & Research, Inc., 629 So.2d 898 (Fla. 4th DCA 1993); Marschel v. Dean Witter Reynolds, Inc., 609 So.2d 718 (Fla. 2d DCA 1992), review denied, 617 So.2d 318 (Fla.1993). On October 19, 1993, the Director of Arbitration at NASD ruled in a letter that the Faerbers’ allegations of wrongdoing prior to December 16, 1986, were not eligible for arbitration. This ruling was made without prejudice to the Faerbers’ reasserting these matters before the arbitrators.
For reasons that are not entirely clear from our record, the Faerbers filed a motion to compel arbitration in circuit court under the Federal Arbitration Act a few days before they received the letter from NASD. Their motion does not allege that the defendants have declined to arbitrate the claim nor does it disclose that the section 15 issue was pending before NASD. On November 29, 1993, the trial court entered an order compelling all of the defendants to arbitrate the Faerbers’ claim.
*267 We reverse the trial court’s order concerning Barnett Securities and Mr. Gibbs because these two parties never refused to arbitrate the Faerbers’ claim. The fact that they appropriately requested NASD to make a threshold determination of the section 15 issue did not constitute a refusal to arbitrate. We reverse the trial court’s order concerning the remaining defendants because the evidence in the record does not establish the existence of an arbitration agreement that is binding between the Faerbers and the remaining defendants.
On remand, the trial court may receive additional evidence to determine the existence of such an arbitration agreement. It should not, however, make any ruling concerning the section 15 issue that must be resolved by NASD.
Reversed and remanded.
DANAHY, A.C.J., and FULMER, J., concur.