668 So.2d 1105 (1996)
Paul TARTELL and Jodi Tartell, Appellants,
v.
Claudia CHERA, Michael Chera, Steven Chera, Victor Chera, and Charles Chera, as the General Partners of Chera Realty & Development Co. of Brooklyn, a New York General Partnership, the Keyes Company, a Florida corporation, Sheila Amster, James L. Dentico and Truly Nolen Exterminating, Inc., a Florida corporation, Appellees.
No. 95-3296.
District Court of Appeal of Florida, Fourth District.
March 6, 1996.
*1106 Patricia M. Silver of Silver & Waldman, P.A., Miami, for appellants.
Bernard B. Weksler and Sina Negahbani of Law Offices of Bernard B. Weksler, Coral Gables, for Appellees-Truly Nolen Exterminating, Inc.
PER CURIAM.
We reverse. The trial court erred in compelling arbitration of the appellants' claim against appellee, Truly Nolen, based on a contract between Truly Nolen and appellees, the Cheras, as appellants were not parties to the contract containing the arbitration clause. See Sun City Diner of Boca Raton, Inc. v. Century Fin. Advisors, Inc., 662 So.2d 967 (Fla. 4th DCA 1995); Barnett Sec., Inc. v. Faerber, 648 So.2d 265 (Fla. 2nd DCA 1995); Karlen v. Gulf & Western Indus., Inc., 336 So.2d 461 (Fla. 3d DCA 1976).
While appellees contend that the appellants seek to be third party beneficiaries under the contract and are therefore subject to its arbitration clause, see Zac Smith & Co. v. Moonspinner Condominium Ass'n, 472 So.2d 1324 (Fla. 1st DCA 1985), the appellants' complaint does not claim rights under the contract. At most, the appellants are incidental beneficiaries of the contract, not third party beneficiaries which would require that the parties to the contract intended to primarily and directly benefit the appellants. See generally Aetna Casualty & Sur. Co. v. Jelac Corp., 505 So.2d 37 (Fla. 4th DCA 1987).
Reversed and remanded.
WARNER, KLEIN and SHAHOOD, JJ., concur.