PER CURIAM.
Appellant challenges the trial court’s order staying her claim for false advertising and deceptive trade practices and compelling arbitration pursuant to a contractual agreement “to submit any claims and disputes arising out of or relating in any manner to this agreement or breach thereof.” We affirm as to appellees Lloyd and Steve Edwards, Inc. See Florida Dep’t of Ins. v. World Re, Inc., 615 So.2d 267, 269 (Fla. 5th DCA 1993) (citing Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967)) see also Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840 (2d Cir.1987).
We reverse the order as to Phoenix American who was not a party to the contract containing the arbitration clause. Federated Title Insurers, Inc. v. Ward, 538 So.2d 890 (Fla. 4th DCA 1989). There is no evidence that the parties to the sales contract intended to primarily and directly benefit Phoenix so as to make it a third party beneficiary entitled to rely on its terms. Tartell v. Chera, 668 So.2d 1105, 1106 (Fla. 4th DCA 1996). We reject appellant’s other arguments.
Affirmed in part; reversed in pai*t.
STONE, WARNER and POLEN, JJ., concur.