697 So.2d 217 (1997)
REGENCY ISLAND DUNES, INC., a Delaware corporation, and Atlantic Gulf Communities Corporation, a Delaware corporation, Appellants,
v.
FOLEY AND ASSOCIATES CONSTRUCTION COMPANY, INC., Appellee.
No. 97-0822.
District Court of Appeal of Florida, Fourth District.
July 23, 1997.
James E. Glass and Paul M. Woodson of James E. Glass Associates, Miami, and Jacob & Weingarten, P.C., West Palm Beach, for appellants.
Mary-Ellen G. Koberg and S. LaRue Williams of Kinsey Vincent Pyle, P.A., Daytona Beach, for appellee.
FARMER, Judge.
In a nonfinal order, the trial court determined that the claims in suit were covered by *218 an arbitration agreement and that the parent corporation of one of the two parties to the agreement was bound thereby as an alter ego. The order resulted from an ex parte proceeding by the party seeking to compel the nonparty to arbitrate. We reverse.
One who has not agreed, expressly or implicitly, to be bound by an arbitration agreement cannot be compelled to arbitrate. Tartell v. Chera, 668 So.2d 1105 (Fla. 4th DCA 1996). In this case, the order is based on the theory that the parent corporation is an alter ego of the subsidiary corporation that actually signed the agreement. Even assuming that an alter ego to the signing party could be compelled to arbitrate, there is no evidence in the record to support a finding that this parent was an alter ego of the subsidiary. A mere allegation in an unsworn complaint does not constitute the necessary evidence to support a finding of alter ego.
As it was necessary to adduce evidence showing that the nonparty was somehow bound to arbitrate under the agreement, it also follows that it was error to hear the matter ex parte and without notice.
REVERSED.
STONE, C.J., and GLICKSTEIN, J., concur.