733 So.2d 571 (1999)
LIBERTY COMMUNICATIONS, INC., etc., et al., Appellants,
v.
MCI TELECOMMUNICATIONS CORPORATION, etc., Appellees.
No. 97-2894.
District Court of Appeal of Florida, Fifth District.
May 7, 1999.
*572 Jesse C. Jones and Guy B. Bailey, Jr. of Bailey, Harper, Cronig, Baker, Arencibia & Agudo, Miami, for Appellants.
Thomas J. Meeks and John Andres Thornton of Zuckerman, Spaeder, Taylor & Evans, LLP, Miami, for Appellees.
*573 THOMPSON, J.
Liberty Communications, Inc. and Thomas C. Hitchens appeal an order granting the motion of MCI Telecommunications Corporation to compel arbitration and to dismiss the complaint.
Liberty and Hitchens filed a seven count complaint against MCI. Liberty alleged claims for fraudulent inducement to enter the contract with MCI, breach of contract, promissory estoppel, tortious interference with an advantageous business relationship, violation of section 501.201 (unfair trade practices), and a declaratory judgment regarding the rights of the parties to the contract, Liberty and MCI. Hitchens, not a party to the contract, sued in one count for tortious interference and business defamation, alleging that when MCI defrauded Liberty, MCI knew that its action would damage Hitchens' reputation in the network marketing industry. After the clerk entered a default against MCI for its failure to file papers in the case, the trial court vacated the default based on its determination that MCI showed excusable neglect and a meritorious defense. In the same order the court granted MCI's motion to compel arbitration and to dismiss the case.
In an unpublished order, this court ruled that it did not have jurisdiction to review the order granting the motion to dismiss, see Welch v. Resolution Trust Corp., 590 So.2d 1098 (Fla. 5th DCA 1991), or the order vacating the default, see Collins v. Penske Truck Leasing, 668 So.2d 343 (Fla. 5th DCA 1996). This court further ruled that it had jurisdiction to review the portion of the order granting the motion to compel arbitration. See Fla. R.App. P. 9.130(a)(3)(v). Upon further consideration it is apparent that the order granting the motion to dismiss was in consideration of the order granting the motion to compel arbitration. That is, the order granting the motion to dismiss was a disposition of the case in favor of arbitration. This was error. When an order for arbitration is entered, the cause should be stayed. See EMSA Ltd. Partnership v. Mason, 677 So.2d 105 (Fla. 4th DCA 1996) (there is authority holding that motion to dismiss is appropriate vehicle for obtaining enforcement of arbitration clause, Florida Keys Elec. Co-op. Ass'n. v. A & G Blaton of Fla., Inc., 574 So.2d 1225 (Fla. 3d DCA 1991), but better view is to treat motion as a motion to stay and grant it pursuant to sections 682.02 and 682.03, Florida Statutes).
On appeal, Liberty and Hitchens filed a joint brief and argue that the trial court erred in granting the motion to compel arbitration and dismiss the case. They first contend that the court erred in granting the motion with respect to Hitchens because he was not a party to the contract between Liberty and MCI. MCI responds that the court granted the motion with respect to Hitchens because Hitchens failed to state a cause of action. MCI also argues that if the court did order Hitchens to arbitration, it did so correctly. Although at one point MCI argued in its memoranda to the trial court that Hitchens' count against it failed to state a cause of action, MCI's motion to compel arbitration and dismiss was based entirely on the arbitration clause in the contract. Since the court granted that motion, we will assume that the intent was to grant the relief for the reasons expressed in the motion, and we will not guess that the court entered the order on the merits of Hitchens' claim. See 1.100(b), Fla. R. Civ. P. (requiring that grounds for motion be set forth with particularity in motion). Accordingly, the issue with respect to Hitchens is whether the court erred in compelling Hitchens to arbitrate.
It is undisputed that Hitchens signed the contract as a representative of Liberty, and not in his individual capacity. One who has not agreed to be bound by an arbitration agreement cannot be compelled to arbitrate. See Regency Island Dunes, Inc. v. Foley and Associates Constr. Co., Inc., 697 So.2d 217 (Fla. 4th DCA 1997) *574 (even assuming that alter ego of signing party could be compelled to arbitrate, there was no evidence that parent corporation was alter ego of subsidiary). Courts are powerless to compel arbitration in the absence of a contract in which both parties have agreed to submit their grievances to arbitration. Acevedo v. Caribbean Transp., Inc., 673 So.2d 170, 173 (Fla. 3d DCA 1996). It is hornbook law that to be bound one must be a party to a contract, and there is no arbitration exception to this principle of law. Prudential-Bache Securities, Inc. v. U.S. Optical Frame Co., 534 So.2d 793, 795 (Fla. 3d DCA 1988). While it does not follow that an obligation to arbitrate attaches only to the signatories, ordinary contract principles determine who will be bound by such an agreement. Id.
Florida and federal courts[1] construe the scope of arbitration provisions in favor of arbitrability. See Roe v. Amica Mutual Insurance Company, 533 So.2d 279 (Fla.1988). However, that rule of construction presupposes an arbitration agreement between the parties:
The federal policy, however, does not extend to situations in which the identity of the parties who have agreed to arbitrate is unclear. See PaineWebber, Inc. v. Hartmann, 921 F.2d 507, 511 (3d Cir.1990) (holding that "[a]s a matter of contract, no party can be forced to arbitrate unless that party has entered into an agreement to do so"). Thus, requiring that arbitration rest on a consensual foundation is wholly consistent with federal policy.
The requirement also makes perfect sense. Subject matter jurisdiction over an action or series of claims can be conceptualized as conferring a personal right on the parties to have that action, or those claims, adjudicated in a judicial forum. See e.g. Pacemaker Diag. Clinic of America, Inc. v. Instromedix, Inc., 725 F.2d 537, 541 (9th Cir.) (en banc), cert. denied, 469 U.S. 824, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984) (recognizing that the "federal litigant has a personal right, subject to exceptions in certain classes of cases, to demand Article III adjudication of a civil suit."); accord, Glidden Co. v. Zdanok, 370 U.S. 530, 536, 82 S.C. [S.Ct.] 1459, 8 L.Ed.2d 671 (1962). Though a person may, by contract, waive his or her right to adjudication, see 9 U.S.C. 2, there can be no waiver in the absence of an agreement signifying assent.
McCarthy v. Azure, 22 F.3d 351, 355 (1st Cir.1994). See also, Nestler-Poletto Realty, Inc. v. Kassin, 24 Fla. L. Weekly D457, 730 So.2d 324 (Fla. 4th DCA 1999) (general rule favoring arbitration does not support forcing a party into arbitration when that party did not agree to arbitrate).
Nonsignatories may be bound to an arbitration agreement if dictated by ordinary principles of contract law and agency. See e.g. Thomson-CSF, S.A. v. American Arbitration Ass'n, 64 F.3d 773, 776 (2d Cir.1995). A third-party beneficiary of a contract can be compelled to arbitrate. See Terminix (citing Raffa Assoc., Inc. v. Boca Raton Resort & Club, 616 So.2d 1096 (Fla. 4th DCA 1993); Zac Smith & Co., Inc. v. Moonspinner Condominium Ass'n, Inc., 472 So.2d 1324 (Fla. 1st DCA 1985)).
Nonsignatories have been held to be bound to arbitration agreements under the theories of (1) incorporation by reference; (2) assumption; (3) agency; (4) veil piercing/alter ego; and (5) estoppel. See Thomson-CSF, 64 F.3d at 776. See also Frank J. Rooney, Inc. v. Charles W. Ackerman of Florida, Inc., 219 So.2d 110 (Fla. 3d DCA 1969) (incorporation); The Bartke's, Inc. v. Hillsborough County Aviation Authority, 217 So.2d 885 (Fla. 2d DCA), cert. denied, 229 So.2d 867 (Fla. *575 1969); Bachus & Stratton, Inc. v. Mann, 639 So.2d 35 (Fla. 4th DCA 1994) (plaintiff seeking to hold parent company vicariously liable for acts of its agents). In certain circumstances, courts have construed arbitration agreements to benefit employees of the signatory. See id, at 356-57. (citing Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 1110 (3d Cir.1993); Roby v. Corp. of Lloyd's, 996 F.2d 1353 (2d Cir.), cert. denied, 510 U.S. 945, 114 S.Ct. 385, 126 L.Ed.2d 333 (1993); Arnold v. Arnold Corp., 920 F.2d 1269 (6th Cir.1990); Letizia v. Prudential Bache Securities, Inc., 802 F.2d 1185, 1187 (9th Cir.1986)). See also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Melamed, 453 So.2d 858 (Fla. 4th DCA 1984). Signing a contract as an agent for a disclosed principal is not sufficient to bind the agent to arbitrate claims against him personally. Azure, 22 F.3d at 361.
In the instant case, MCI does not argue an agency or contract theory, but argues that Hitchens should be compelled to arbitrate because his claims "revert to their corporate roots." While it is true that Hitchens's claim is based on MCI's alleged breach of the contract and fraudulent inducement of Liberty to enter the contract, it does not follow that Hitchens agreed to waive litigation of such a claim in favor of arbitration. Certainly, the arbitration clause in the contract between Liberty and MCI evinces no such agreement:
In the event a dispute arises as to the parties' respective rights, duties, and obligations under this Agreement, or in the event of a claim for breach of this Agreement by either party, it is Agreed that such disputes shall be exclusively resolved pursuant to binding arbitration under the Commercial Rules of the American Arbitration Association. The arbitration shall be conducted in New York, New York. The Arbitrator shall determine, in addition to declaratory and compensatory relief as permitted by the terms of this Agreement, preliminary and permanent injunctive relief as against either party and shall award reasonable attorney's fees (including inhouse counsel fees) and costs to the prevailing party. The decision of the Arbitrator shall be final and shall be entitled to enforcement in any court of competant [sic] jurisdiction. This provision shall not be construed to prevent either party from seeking preliminary or permanent injunctive relief in any court of competent jurisdiction.
Since nothing in the clause evinces an intent to bind Hitchens to its terms, and since MCI asserts no contract or agency principle that would bind Hitchens, the trial court erred in granting the motion to compel Hitchens to arbitrate his claim. If, as MCI asserts, Hitchens' claim fails to state a cause of action, the trial court can enter an order so ruling upon proper application by MCI.
Hitchens and Liberty also argue that the court erred in granting the motion to compel arbitration of Liberty's claims. The only argument they make is that tort claims are outside the purview of the arbitration clause because a separate clause precludes punitive, consequential and other damages. Because they make no convincing argument that a clause proscribing punitive damages necessarily precludes arbitration of tort claims, we decline to reverse on this basis.
We affirm the portion of the order granting the motion to compel arbitration of the claims brought by Liberty, but we reverse the portion of the order dismissing Liberty's claims, and direct the trial court to stay litigation of its claims. We reverse the order granting the motion to compel arbitration and to dismiss Hitchens' claim.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
GRIFFIN, C.J., concurs specially, with opinion.
COBB, J., concurs in part, dissents in part, with opinion.
*576 GRIFFIN, C.J., concurring specially.
The problem I face in this case as to plaintiff Hitchens is not so much whether the case was properly dismissed, but on which basis. As the majority discusses, there are circumstances in which a non-signatory can be held to arbitration. To the extent that Mr. Hitchens were ever able to state a cause of action, I suspect he might fall into one of those categories. The problem, however, is that the stated "claim" is so nebulous that it is difficult to characterize it in any cognizable way. Hitchens seems to posit a theory of tort liability on the basis that MCI knew or should have known that if it defrauded Liberty or breached its contract with Liberty, its "CEO, chairman and principal shareholder" would suffer. Since I cannot recognize the tort, I cannot categorize the relationship. I accordingly agree that the proper course would be to dismiss for failure to state a cause of action, not to dismiss and order Hitchens to arbitrate. If no cause of action can be stated, dismissal is proper on that basis. If Mr. Hitchens can state a cause of action, the question of whether its relationship to Liberty's contract with MCI is such that it should be arbitrated would then be reached.
COBB, J., concurring in part, dissenting in part.
I respectfully dissent from that portion of the majority opinion which attempts to reverse the dismissal of Liberty's and Hitchen's claims.
Since the trial court's order dismissing Liberty's and Hitchen's complaint is neither a final nor non-final appealable order, as previously determined by this court, we do not have jurisdiction to consider this aspect of the appeal.
As to the matter at hand, I would affirm the order compelling Liberty to arbitrate and reverse the order compelling Hitchens to arbitrate.
NOTES
[1] Neither party has suggested that federal law controls this case. Compare, Terminix Intern. Co., LP v. Ponzio, 693 So.2d 104 (Fla. 5th DCA 1997) (pointing out that the parties failed to develop a record or obtain a ruling below relative to the applicability of the Federal Arbitration Act).