814 So.2d 1259 (2002)
TECHNICAL AID CORPORATION, Appellant,
v.
Robert W. TOMASO and Airetel Staffing, Inc., Appellee.
No. 5D01-2298.
District Court of Appeal of Florida, Fifth District.
May 3, 2002.
*1260 James W. Carpenter of Haley, Sinagra & Perez, P.A., Fort Lauderdale, for Appellant.
Robert T. Terenzio of Rolinski, Terenzio & Suarez, LLP, Longwood, for Appellee.
PALMER, J.
Technical Aid Corporation (TAC) appeals the non-final order entered by the trial court requiring it to arbitrate its claims with appellees, Robert Tomaso and Airetel Staffing, Inc. We have jurisdiction.[1] Finding that the arbitration agreement entered into between TAC and Tomaso is sufficiently broad to cover all of TAC's claims against Tomaso, we affirm the trial court's order compelling arbitration as to those claims. However, since TAC did not enter into an arbitration agreement with Airetel, we reverse the trial court's order compelling arbitration of those claims.
Tomaso was formerly employed by TAC. Upon leaving TAC, Tomaso executed an Agreement and Release which defined the parties' rights and duties with respect to Tomaso's separation from employment. That document contained, among other *1261 things, a non-compete provision and a mandatory arbitration clause.
Soon after leaving the employment of TAC, Tomaso began working for Airetel, a corporation which he formed and which provided services similar to those provided by TAC. Upon discovery of Tomaso's involvement with Airetel, TAC filed suit against both Tomaso and Airetel alleging that the services provided by Airetel were in direct competition with the services provided by TAC and, therefore, Tomaso was in violation of his non-compete agreement. Count I of the complaint alleged a claim against Tomaso for breach of the Agreement and Release, and Count II alleged a claim against Tomaso and Airetel for tortious interference.
Tomaso and Airetel filed a joint motion to dismiss the lawsuit based upon the mandatory arbitration provision contained in the Agreement and Release. TAC opposed the motion, arguing that the tortious interference claim against Airetel was not subject to arbitration because Airetel was not a party to the Agreement and Release, and that the tortious interference claim against Tomaso was not subject to arbitration because the claim did not arise out of the Agreement and Release. The trial court deemed the joint motion to dismiss to be a motion to compel arbitration, and then granted the motion, ordering all of the claims to be resolved in arbitration. This appeal followed.
TAC first contends that the trial court erred in compelling arbitration of the tortious interference claim against Airetel because Airetel was not a party to the Agreement and Release. We agree.
Courts must consider three elements in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. Avid Engineering v. Orlando Marketplace Limited, 809 So.2d 1 (Fla. 5th DCA 2001) (citing Seifert v. U.S. Home Corp., 750 So.2d 633 (Fla.1999)).
Ordinary contract principles determine who is bound by an arbitration agreement. Liberty Communications, Inc. v. MCI Telecommunications Corp., 733 So.2d 571, 573 (Fla. 5th DCA 1999). Thus, anyone "who has not agreed, expressly or implicitly, to be bound by an arbitration agreement cannot be compelled to arbitrate." Regency Island Dunes, Inc. v. Foley & Assocs. Constr. Co., 697 So.2d 217 (Fla. 4th DCA 1997). Accord Nestler-Poletto Realty, Inc. v. Kassin, 730 So.2d 324, 326 (Fla. 4th DCA 1999) (explaining that contractual arbitration is only mandated for controversies or disputes which the parties have agreed to submit to arbitration); Karlen v. Gulf & Western Industries, Inc., 336 So.2d 461 (Fla. 3d DCA 1976) (holding that arbitration provisions are personal covenants, usually binding only upon the parties to the covenant). A recognized corollary to this rule is that arbitration provisions are binding on the parties to the covenant, as well as on intended, third-party beneficiaries of the contract provided that the parties clearly express, or the contract itself expresses, an intent to primarily and directly benefit the third party. Hirshenson v. Spaccio, 800 So.2d 670 (Fla. 5th DCA 2001).
In Seifert v. U.S. Home Corp., 750 So.2d 633 (Fla.1999), our Supreme Court emphasized this principle as follows:
Today, arbitration provisions are common, and their use generally favored by the courts. However, because arbitration provisions are contractual in nature, construction of such provisions and the contracts in which they appear remains a matter of contract interpretation. [Citations omitted]. Accordingly, the determination of whether an arbitration clause requires arbitration of a particular dispute necessarily `rests on the intent *1262 of the parties.' [Seaboard Coast Line R.R. v. Trailer Train Co.,] 690 F.2d 1343, 1352 (11th Cir.1982) [citations omitted]. A natural corollary of this rule is that no party may be forced to submit a dispute to arbitration that the party did not intend and agree to arbitrate.
Id. at 636.
The arbitration provision set forth in the instant Agreement and Release provided that the terms specifically applied to TAC and Tomaso:
19. Arbitration of Disputes.

Any dispute or controversy between TAC and [Tomaso], including but not limited to any dispute arising, in whole or in part, out of [Tomaso's] employment by TAC, the separation of such employment, this Agreement, or otherwise shall be resolved through final and binding arbitration pursuant to and in accordance with the American Arbitration Association's ("AAA") National Rules on Rules for the Resolution of Employment Disputes.
A plain reading of this provision demonstrates that Airetel is not entitled to invoke the right to proceed to arbitration pursuant to the Agreement and Release (and thereby require TAC to proceed in arbitration on its tort claim against Airetel) because Airetel was neither a signatory to the Agreement and Release nor an intended third-party beneficiary of said contract.
Tomaso and Airetel contend that, in the interest of judicial economy, arbitration with Airetel was properly ordered because the corporation is the alter ego of Tomaso. We disagree. TAC did not allege in its complaint that Airetel was the alter ego of Tomaso and Tomaso failed to present any evidence below which demonstrated that Airetel is his alter ego. See J.P. Stevens & Co. v. Harrell International, Inc., 299 So.2d 69 (Fla. 1st DCA 1974) (holding that where parent corporation was neither a party to nor a signatory of agreement entered into by its wholly owned subsidiary, there was no evidence to indicate that parent ever intended, either before or after execution of the agreement, to be bound as a party to the agreement, and there was no showing that parent was subsidiary's alter ego, parent corporation was not bound by arbitration provisions of the agreement). Accordingly, the trial court's order compelling arbitration of TAC's tort claim against Airetel must be reversed.
TAC next argues that the trial court erred in compelling arbitration of its tort claim against Tomaso because that claim does not fall within the parameters of the Agreement and Release's arbitration clause. We disagree.
Contractual arbitration of a specific controversy is mandatory "`where the subject matter of the controversy falls within what the parties have agreed will be submitted to arbitration.'" Hirshenson v. Spaccio, 800 So.2d 670, 673 (Fla. 5th DCA 2001) (quoting Ocwen Federal Bank FSB v. LVWD, Ltd., 766 So.2d 248, 249 (Fla. 4th DCA 2000)). The arbitration provision set forth in the instant Agreement and Release contains broad language outlining the scope of said obligation and encompasses TAC's claims for tortious interference, especially since the claim of tortious interference is based on the theory that Tomaso's breach of the non-compete provision of the Agreement and Release resulted in the tortious interference.
AFFIRMED in part, REVERSED in part, and REMANDED.
THOMPSON, C.J. and SAWAYA, J., concur.
NOTES
[1] See Fla. R.App. P. 9.130(a)(3)(C)(v) (authorizing the district court to review non-final orders which determine a party's entitlement to proceed to arbitration).