898 So.2d 989 (2005)
EXTENDICARE HEALTH SERVICES, INC., et al., Appellants,
v.
ESTATE OF Benjamin PATTERSON, et al., Appellees.
No. 5D04-861.
District Court of Appeal of Florida, Fifth District.
March 4, 2005.
Connolly C. McArthur and Donna J. Fudge, of Buckley & Fudge, St. Petersburg, for Appellant.
*990 Susan B. Morrison and Brian L. Thompson, of Wilkes & McHugh, P.A., Tampa, for Appellee.
SHARP, W., J.
Partners Health Group, LLC (an alleged operator of a nursing home), Extendicare Health Services, Inc. and Extendicare, Inc. (parent corporations of Partners), appeal from a non-final order which denied their motion to compel arbitration[1] in a lawsuit filed by the personal representative of the estate of Benjamin Patterson, a former resident of the nursing home (University Health and Rehabilitation Center  West). The complaint alleges that Partners and others deprived or infringed on Patterson's rights under Chapter 400, the Nursing Home Resident's Rights Act, and that their negligent actions caused Patterson damage, and caused his wrongful death. The trial court denied the motion to compel on the ground it was based on a Consulting Agreement dated November 1, 2000, which was not signed by Patterson, and under which he was not an intended third party beneficiary. We affirm.
The provision for arbitration appears in an agreement between Partners and Age Institute Holdings, Inc. (the owner of the nursing home) and Age Institute of Florida, Inc., (an alleged manager of the nursing home). It provides:
13.18 Dispute Resolution. In the event that a dispute arises out of this Agreement which the parties cannot resolve by negotiation, the dispute shall be settled by binding arbitration conducted in accordance with the rules and regulations of the American Arbitration Association unless the parties select another arbitration service through mutual agreement. Demand for such arbitration shall be made by either party within thirty (30) days.
Appellants contend that their only connection to the nursing home was through this agreement and that they supplied financial support services for the manager, Age Institute of Florida, Inc. However, Patterson never signed the agreement and he does not appear to be a third party beneficiary of the agreement. Further, appellants assert that Patterson was not an intended third party beneficiary.[2] As a third party beneficiary, Patterson could be bound by the agreement, including the arbitration provision, and he could potentially sue for breach of the agreement.[3]
Although Patterson's lack of third party beneficiary status could theoretically limit his ability to sue for a breach of the agreement, in this case the suit alleges violation of statutory duties under Chapter 400 and negligence  not a breach of the consulting contract.
Since Patterson never signed and is not a third party beneficiary of the agreement, the trial court properly denied appellants' motion to compel arbitration. See Technical Aid Corp. v. Tomaso, 814 So.2d 1259 *991 (Fla. 5th DCA 2002) (defendant was not entitled to invoke right to proceed to arbitration in an agreement between plaintiff and another defendant where defendant was neither a signatory to the agreement nor an intended third party beneficiary of the contract); Morgan Stanley DW, Inc. v. Halliday, 873 So.2d 400 (Fla. 4th DCA 2004) (in lawsuit by beneficiary or trust against trustees and brokerage firm, beneficiary was not bound by arbitration clause in customer account agreement between trustees and brokerage firm under third party beneficiary theory).
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) (authorizing appeals from non-final orders which determine a party's entitlement to arbitration). The standard of review is de novo. Orkin Exterminating Co. v. Petsch, 872 So.2d 259 (Fla. 2d DCA), rev. denied, 884 So.2d 23 (Fla.2004); Stacy David, Inc. v. Consuegra, 845 So.2d 303 (Fla. 2d DCA 2003).
[2] In their motion to compel arbitration, appellants stated "The Extendicare/Partners Defendants assert that Mr. Patterson was not a third party beneficiary of the subject contract." (emphasis in original)
[3] Hirshenson v. Spaccio, 800 So.2d 670 (Fla. 5th DCA 2001); Liberty Communications, Inc. v. MCI Telecommunications Corp., 733 So.2d 571 (Fla. 5th DCA 1999); Terminix Int'l Co. LP v. Ponzio, 693 So.2d 104 (Fla. 5th DCA 1997).