913 So.2d 1248 (2005)
ESTATE OF William AGEE by and through Darla DIETZEN, Personal Representative, Appellant,
v.
AGE INSTITUTE OF FLORIDA, INC.; Age Institute Holdings, Inc.; Extendicare Health Services, Inc.; Extendicare, Inc.; Senior Health Management, LLC; Bart Wyatt, Individually; Daniel Davis, Individually; Joyce Karoleski, Individually; Partner Health Group-Florida, LLC; Partner Health Group, LLC; Aliceann Donaldson, Individually; and Tammy Stanton; (as to Bay Center), Appellees.
No. 1D04-5634.
District Court of Appeal of Florida, First District.
November 15, 2005.
Susan B. Morrison of the Law Offices of Susan B. Morrison, P.A., Tampa and Kimberley M. Kohn of Wilkes & McHugh, P.A., Tampa, for Appellant.
Donna J. Fudge and Connolly C. McArthur of Buckley & Fudge, P.A., St. Petersburg *1249 for Appellees Estendicare Health Services, Inc., Extendicare Health Network, Inc., Partners Health Group-Florida, LLC, and Partners Health Group, LLC.
PER CURIAM.
We reverse the trial court's order compelling arbitration in this suit by the estate of William Agee against numerous individual and corporate defendants associated with the Bay Center nursing home in Panama City, where Mr. Agee was a resident. The complaint asserted various common law and statutory causes of action, including negligence, wrongful death and violations of Mr. Agee's rights as a nursing home resident under chapter 400, Florida Statutes. Relying on arbitration clauses in two contracts between the various corporate defendants for financial and management services, the trial court compelled arbitration of the claims against the appellees. We conclude that the Estate's claims and any duties the appellees may have owed to Mr. Agee were not based on these contracts. Nor was Mr. Agee, who was not a signatory to the contracts, an intended third-party beneficiary of the agreements. Therefore, the Estate's claims were not subject to the arbitration provisions in the contracts. See Estate of Germann v. Age Institute of Florida, Inc., et al., 912 So.2d 590 (Fla. 2d DCA 2005); Extendicare Health Services, Inc. v. Estate of Patterson, 898 So.2d 989 (Fla. 5th DCA 2005).
Reversed.
C.J. KAHN, WOLF and PADOVANO, JJ., concur.