TAYLOR, J.
 

 Plaintiff, Adrienne Curcio, appeals the trial court’s order granting the defendant’s motion to compel arbitration and dismiss her lawsuit. Because the trial court failed to conduct an evidentiary hearing pursuant to section 682.03(1), Florida Statutes (2005), on plaintiffs unconscionability challenge to the enforceability of the arbitration provision, we reverse and remand for such a hearing.
 

 The plaintiff, as personal representative of the Estate of Angelina Lanzetta and in her personal capacity, sued Sovereign Healthcare of Boynton Beach, L.L.C. d/b/a Boynton Beach Nursing and Rehab Center (“Boynton Rehab”) after her mother died from a neck injury she received while residing at the facility. Boynton Rehab moved to dismiss the action and to compel arbitration based on an arbitration provision in the Resident Admission and Financial Agreement signed by Lanzetta. In opposition to the motion to compel arbitration, plaintiff argued that the arbitration provision was unconscionable because the decedent had no choice but to sign the arbitration agreement in order to obtain necessary medical care and treatment and because the decedent did not understand the agreement or the rights she was waiving by signing the agreement. The trial judge did not hold an evidentiary hearing under section 682.03(1), Florida Statutes, to resolve these disputed issues concerning the validity of the arbitration agreement before granting the defendant’s motion to compel arbitration and dismissing plaintiffs case.
 

 Section 682.03(1), Florida Statutes, states:
 

 A party to an agreement or provision for arbitration subject to this law claiming the neglect or refusal of another party thereto to comply therewith may make application to the court for an order directing the parties to proceed with arbitration in accordance with the terms thereof. If the court is satisfied that no substantial issue exists as to the making of the agreement or provision, it shall grant the application. If the court shall find that a substantial issue is raised as to the making of the agreement or provision, it shall summarily hear and determine the issue and, according to its determination, shall grant or deny the application.
 

 § 682.03(1). Florida courts have determined that this statute requires an expedited evidentiary hearing if a substantial disputed issue exists concerning the making of the agreement.
 
 Linden v. Auto Trend, Inc.,
 
 923 So.2d 1281, 1282 (Fla. 4th DCA 2006) (citing
 
 Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed,
 
 425 So.2d 127, 129 (Fla. 4th DCA 1982)). Such a hearing is mandatory in nature.
 
 Tandem Health Care of St. Petersburg, Inc. v. Whitney,
 
 897 So.2d 531, 532 (Fla. 2d DCA 2005).
 

 Here, plaintiff demonstrated through her written response in opposition to the motion to compel and her arguments at the non-evidentiary hearing on the motion that she disputed the “making of’ the arbitration agreement. The trial court implicitly acknowledged that there were issues in dispute regarding the making of the Agreement and “retain[ed] jurisdiction to reconsider the dismissal of th[e] case pending the development of sufficient grounds during the arbitration process.” The
 
 *451
 
 court, however, was required by statute to conduct an evidentiary hearing to resolve the disputed issues before sending the case to arbitration. We therefore reverse the trial court’s order compelling arbitration and remand for an evidentiary hearing. On remand, if, after holding an evidentiary hearing, the court decides to grant the defendant’s motion to compel arbitration, it should stay rather than dismiss the plaintiffs case.
 
 See Liberty Commc’ns, Inc. v. MCI Telecommunications Corp.,
 
 733 So.2d 571, 573 (Fla. 5th DCA 1999) (holding that when an order for arbitration is entered, the cause should be stayed rather than dismissed).
 

 Reversed and Remanded.
 

 STEVENSON and MAY, JJ, concur.