PER CURIAM.
 

 This case arises from a physical altercation between one of the appellees, John Doe, a minor (Doe Jr.), and other members of the King’s Academy, Inc.’s football team. After the altercation, the appel-lees — John Doe, Sr., Jane Doe, and Doe Jr. — filed suit against the appellants, i.e., the King’s Academy and the team’s football coach, Robert Crowley. King’s Academy and Crowley moved to dismiss and compel arbitration. They argued arbitration was required because they and the Does executed a contract that contained an arbitration provision compelling arbitration. In a non-final order, the trial court, without holding an evidentiary hearing as required under section 682.03(1), Florida Statutes (2007), determined the provision was both substantively and procedurally unconscionable and denied the motion.
 
 *440
 
 We reverse and remand for an evidentiary hearing.
 

 Section 682.03(1) states:
 

 A party to an agreement or provision for arbitration subject to this law claiming the neglect or refusal of another party thereto to comply therewith may make application to the court for an order directing the parties to proceed with arbitration in accordance with the terms thereof. If the court is satisfied that no substantial issue exists as to the making of the agreement or provision, it shall grant the application.
 
 If the court shall find that a substantial issue is raised as to the making of the agreement or provision, it shall summarily hear and determine the issue and, according to its determination, shall grant or deny the application.
 

 (emphasis added).
 

 In
 
 Curcio v. Sovereign Healthcare of Boynton Beach L.L.C.,
 
 8 So.3d 449, 450-51 (Fla. 4th DCA 2009), this court, relying on section 682.03(1), reversed a trial court’s order granting the defendant’s motion to compel arbitration because the trial court, before rendering its order, failed to hold an evidentiary hearing on the plaintiffs unconscionability challenge to the enforceability of an arbitration provision. This court held the trial court erred by not having a hearing because: 1) the plaintiff, in opposition to the motion to compel arbitration, argued the arbitration provision was unconscionable; and 2) the parties disputed the circumstances that existed at the time the arbitration provision was made and took effect.
 
 See id.
 
 In considering these two factors, this court held that an evidentiary hearing regarding the plaintiffs unconscionability challenge was “mandatory in nature,” as “Florida courts have determined that [section 682.03(1)] requires an expedited evidentiary hearing if a substantial disputed issue exists concerning the making of the agreement [to arbitrate].”
 
 Id.
 
 at 450.
 

 In this case, the Does raised an uncon-scionability challenge to the enforceability of the arbitration provision. The parties, through their arguments, also disputed the circumstances that existed at the time the arbitration provision was made and took effect. The trial court, under section 682.03(1), was therefore required to hold an evidentiary hearing on the Does’ uncon-scionability challenge, because a substantial disputed issue existed concerning the making of the arbitration provision. Accordingly, we reverse and remand for an evidentiary hearing.
 

 Reversed and Remanded with Directions.
 

 HAZOURI, MAY and DAMOORGIAN, JJ., concur.