COPE, J.
This is a petition for writ of mandamus or certiorari which seeks to compel a ruling on the question whether the petitioner *171 is required to proceed to arbitration. We conclude that the petition is well taken.
Garcia Stromberg, LLC (“the Architect”) is an architectural firm which entered into two contracts with RC Rose Island Hotel Company, Ltd. for architectural services. The contracts call for arbitration for dispute resolution. The contracts were signed by an officer of Rose Island. The contracts list petitioner, The Gencom Group, as the owner representative, but the contracts were not signed by Gencom.
The Architect also entered into a contract with The Logwood Hotel Development Co., Ltd. for architectural services. The contract calls for arbitration for dispute resolution. The contract was signed by Logwood’s managing director. The contract identifies Gencom as Logwood’s agent but was not signed by Gencom.
Disputes arose. The Architect filed a demand for arbitration with the American Arbitration Association (AAA) against various parties, including Gencom, Rose Island, and Logwood, among others.
Gencom filed an action in circuit court under subsection 682.03(4), Florida Statutes (2009), seeking a ruling that it was not obligated to arbitrate, and requesting a stay of the arbitration as to Gencom.* The statute provides:
On application the court may stay an arbitration proceeding commenced or about to be commenced, if it shall find that no agreement or provision for arbitration subject to this law exists between the party making the application and the party causing the arbitration to be had. The court shall summarily hear and determine the issue of the making of the agreement or provision and, according to its determination, shall grant or deny the application.
Fla. Stat. § 682.03(4) (2009).
The trial court conducted a hearing. Gencom argued that it was not required to arbitrate because, among other things, Gencom did not sign the agreements containing the arbitration clauses. The Architect replied that under the facts of the case, Gencom fell into the exceptional situation in which a contract can be enforced against a nonparty. See generally Arthur Andersen LLP v. Carlisle, — U.S. —, —, 129 S.Ct. 1896, 1902, 173 L.Ed.2d 832 (2009); Liberty Communications, Inc. v. MCI Telecommunications Corp., 733 So.2d 571, 574 (Fla. 5th DCA 1999).
At the conclusion of the proceedings the trial court entered a written order which refused to stay the AAA proceeding, and stayed the circuit court proceeding pending the completion of arbitration. While the court’s oral pronouncement suggested that Gencom was not required to arbitrate, this point was not addressed in the written order.
Gencom is correct in saying that under the statute, it is entitled to a specific ruling stating whether it is, or is not, required to arbitrate. We therefore return the matter to the trial court for entry of an amended order addressing this issue. We express no opinion on the merits of the parties’ respective arguments. While we grant the petition, we are confident it will be unnecessary formally to issue our writ.
This ruling is effective immediately and its effectiveness will not be delayed by the *172 filing of a motion for rehearing or other postdecision motion.
Petition granted.

 Gencom's request for a stay of the arbitration proceeding was a request for a stay as to Gencom only. As already explained, the Architect, Rose Island, and Logwood signed contracts containing arbitration clauses and, so far as this record reflects, those entities will proceed with the AAA arbitration.