Per Curiam.
This case involves a claim by a licensed real estate agent, who alleged that she was the procuring cause of the sale of a $27 million residential property in Palm Beach, and that she was wrongfully deprived of a substantial commission on the sale. The plaintiffs, Dragana Connaughton, individually, and Dragana Connaughton, P.A., appeal an order dismissing their amended *1031 complaint with prejudice. The trial court dismissed the complaint, finding, among other things, that arbitration was mandatory under the relevant agreement. However, the trial court ruled on the motion to dismiss without the benefit of the complete agreement. Because on this record we are unable to review the propriety of the trial court’s ruling, we vacate the order and remand for further proceedings.
The threshold issue on appeal is whether the trial court erred in dismissing the case based on the arbitration provisions in the Broker-Salesperson Agreement.[1] The arbitration provisions of the Agreement state that any dispute shall be resolved by arbitration “in accordance with the rules, regulations and procedures” of the local Board of Realtors or, if jurisdiction is declined, the American Arbitration Association (“AAA”). The arbitration provisions thus incorporate by reference the “rules, regulations and procedures” of the local Board of Realtors, but those “rules, regulations and procedures” were not provided to the trial court below.
On this record, we cannot determine whether arbitration was mandatory or voluntary under the Agreement. Further, even assuming that arbitration was mandatory under the Agreement, we cannot determine whether the proper remedy was to dismiss the case or to stay the case for arbitration.
We note that one possible reading of the arbitration provisions is that the claim could still be arbitrated by the AAA, even though the local Board of Realtors dismissed the plaintiffs’ request for arbitration as untimely. If the local Board’s dismissal was merely a decision to decline jurisdiction, this would appear to authorize the AAA to arbitrate the dispute under the arbitration provisions of the Agreement.[2] Without the local Board’s rules in the record, it is unclear whether the time-limit that formed the basis for the local Board’s dismissal of the plaintiffs’ arbitration request was intended to operate as a time-bar akin to a statute of limitations, or instead whether it was merely a reason for declining jurisdiction. See Coldwell Banker Manning Realty, Inc. v. Cushman & Wakefield of Conn., Inc., 293 Conn. 582, 980 A.2d 819, 828-33 (2009) (realtors association’s dismissal of a broker’s request for arbitration of a commission dispute for failure to comply with a 180-day filing period did not constitute an arbitration award where the dismissal was a discretionary decision and the timeliness provision did not operate as a statute of limitations).
To be sure, the plaintiffs initially pursued arbitration with the AAA, which apparently declined to hear the claim because some defendants objected that the claim should have been presented to the local Board first.[3] However, if the local *1032 Board’s subsequent dismissal of the request for arbitration was merely a decision to decline jurisdiction, this may have triggered the AAA’s authority to arbitrate the dispute, even though the AAA was correct to refuse the plaintiffs’ initial arbitration request.
Accordingly, we vacate the order of dismissal and remand for the parties to present the trial court with the “rules, regulations and procedures” of the local Board of Realtors, and for the trial court to reconsider the motion to dismiss once it has the complete Agreement before it. We leave it to the trial court to decide whether an evidentiary hearing is required on the issue of whether arbitration was mandatory or voluntary. We decline to reach any other grounds for dismissal.

Vacated and Remanded.

Taylor, Conner and Forst, JJ., concur.

. We view this as the threshold issue because if arbitration is mandatory and there remains an available arbitral forum, the lawsuit should be stayed and the parties should be compelled to arbitrate in that forum. See Curcio v. Sovereign Healthcare of Boynton Beach L.L.C., 8 So.3d 449, 451 (Fla. 4th DCA 2009), Thus, the arbitration issue should be decided before considering other possible grounds for dismissal.

. The arbitration provisions could be interpreted as meaning that, in any dispute where the jurisdiction of the local Board of Realtors is declined, the dispute shall be resolved by arbitration “in accordance with the rules, regulations and procedures of ... the American Arbitration Association.’’

.We take judicial notice of our records in a prior appeal, See Connaughton v. Condon, 152 So.3d 587 (Fla. 4th DCA 2014) (per curiam affirmance). The issue we decided in that appeal was narrow, namely, that Connaughton’s declaratory judgment action—wherein she essentially sought to overturn the dismissals of her requests for arbitration by the AAA and the local Board—failed to state a proper basis for declaratory relief. But we did not hold *1032 that Connaughton could not return to the AAA for arbitration of the claim following the dismissal by the local Board.