971 So.2d 811 (2007)
The ESTATE OF Ida ORLANIS, by and through Mary Ellen MARKS, Personal Representative, Appellant,
v.
OAKWOOD TERRACE SKILLED NURSING AND REHABILITATION CENTER, et al., Appellees.
No. 3D05-2366.
District Court of Appeal of Florida, Third District.
August 29, 2007.
Rehearing and Rehearing Denied December 13, 2007.
*812 Susan B. Morrison, Tampa; Wilkes & McHugh and John R. Cummings, Tampa, for appellant.
Cole, Scott & Kissane and Christopher B. Hopkins and Allison S. Miller-Bernstein, West Palm Beach; Wicker, Smith, O'Hara, McCoy, Graham & Ford and Shelley H. Leinicke and Rachel I. Turner, Fort Lauderdale, for appellees.
Before SHEPHERD and SUAREZ, JJ., and SCHWARTZ, Senior Judge.
Rehearing and Rehearing En Banc Denied December 13, 2007.
SHEPHERD, J.
The Estate of Ida Orlanis appeals a non-final order compelling arbitration. See Fla. R.App. P. 9.130(a)(3)(C)(iv). We conclude the appellees waived their right to arbitrate by seeking the benefits of the rules of discovery before filing their motion to arbitrate and accordingly reverse the order on appeal.
Oakwood Terrace Skilled Nursing and Rehabilitation Center is a skilled nursing care center located in Aventura, Florida. On September 5, 1995, Ida Orlanis and her daughter, Mary Ellen, executed various documents necessary to admit Ida into residence at the facility. Ida resided at the Oakwood Terrace until her death in January 2002. Thereafter, her daughter as personal representative of her mother's estate, sued both Oakland Terrace and its successor, Regency Park at Aventura, Inc., for wrongful death, negligence, and statutory damages. One of the documents executed upon Ida's admission to Oakwood Terrace, a Standard Admission Record and Agreement, included an optional arbitration clause. The clause reads:
12. OPTIONAL ARBITRATION CLAUSE (If the parties to this Agreement do not wish to include the following arbitration provision, please indicate so by marking an "X" through this clause. Both parties shall also initial that "X" to signify their agreement to refuse arbitration.) Any controversy or claim arising out of or relating to the Agreement, or the breach thereof, shall be settled by arbitration in accordance with the provisions of the Florida Arbitration Code found at Chapter 682, Florida Statutes, and judgement [sic] upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.
(Emphasis added.) Neither party deleted the clause. The agreement also contains a clause stating that "in the event that the facility is sold, or license is transferred such that a new licensee operates the facility, this Agreement shall be automatically assigned to the new licensee and shall be fully binding on both parties." Regents Park concedes it is an assignee of the agreement.
Ida advances numerous arguments challenging the enforceability of the arbitration clause. We conclude, however, that the appellees, Oakland Terrace and Regency Park, have waived any right they had to compel arbitration by affirmatively engaging in discovery on the merits of the claims made against them before filing their respective motions to arbitrate. The offending discovery included interrogatories, requests for production of documents, and notices to produce to non-parties. Although it might be less clear in some of our sister courts, see Merrill Lynch Pierce Fenner & Smith, Inc. v. Adams, 791 So.2d 25, 26 (Fla. 2d DCA 2001)(questioning *813 whether waiver can be based upon non-record discovery), it is crystal clear in this district that we apply the broad rule that any defendant who "seek[s] the benefits of the discovery rules prior to filing [his] motion to arbitrate," forfeits his right to arbitration. Preferred Mut. Ins. Co. v. Matrix Constr. Corp., 662 So.2d 432, 432 (Fla. 3d DCA 1995)("We reverse a trial court's order referring a matter to arbitration, finding that the appellees waived the right to arbitrate by seeking the benefits of discovery rules prior to filing their motion to arbitrate."). See also Winter v. Arvida Corp., 404 So.2d 829, 830 (Fla. 3d DCA 1981)(filing of answer and proceeding with discovery constituted "actions [] inconsistent with the right to arbitrate"); Coral 97 Assocs. v. Chino Elec., Inc., 501 So.2d 69, 70-71 (Fla. 3d DCA 1987)("By filing a counterclaim simultaneously with a motion to dismiss and by implementing discovery, Coral fulfilled either of the criteria for finding waiver of its arbitration right")(emphasis added); Rolls v. Bliss & Nyitray, Inc., 408 So.2d 229, 238 (Fla. 3d DCA 1981)(corporate defendant waived right to arbitrate where it waited eight months after filing of complaint, had pending counterclaim, case was set for trial, and "defendants actively participated in discovery against plaintiffs"). The law in this district seems to admit no exceptions. Both Terrace Oak and Regent Park availed themselves of the benefit of the rules of discovery in this case before arbitration was sought. We reverse the order on appeal and remand for further proceedings in the trial court.
Reversed and remanded with directions.