PALMER, C.J.
Olson Electric Company (Olson) appeals the non-final order entered by the trial court directing the parties to proceed to arbitration. Concluding that the right to arbitration was waived by the appellees, we reverse.[1]
Olson filed suit against the Winter Park Redevelopment Agency and Sydgan Corporation (collectively “WPRA”) setting forth claims for foreclosure of a construction lien and breach of contract.
WPRA filed an answer generally denying liability and alleging several affirmative defenses, including the defense that *179 Olson’s claims were subject to arbitration. However, instead of utilizing the provisions of Florida’s Arbitration Code to immediately move to compel arbitration, which would have resulted in the stay of the underlying proceedings pending resolution of the arbitration issue,[2] WPRA proceeded to propound discovery pleadings directed to the merits of the underlying complaint. After propounding such discovery, WPRA filed a motion to compel arbitration. The trial court granted the motion and ordered the parties to proceed to arbitration. This appeal timely followed.
Olson argues that the trial court reversibly erred in ordering the parties to proceed to arbitration because the undisputed facts demonstrate that WPRA waived its right to seek arbitration by initiating discovery on the merits of the lawsuit before filing a motion to compel arbitration. We agree.
In Mora v. Abraham Chevrolet-Tampa, Inc., 913 So.2d 32, 33-34 (Fla. 2d DCA 2005), the court explained that the applicable standard of review regarding an order compelling arbitration based on undisputed facts is de novo. Accord Avid Eng’g, Inc. v. Orlando Mkt., Ltd., 809 So.2d 1, 3 (Fla. 5th DCA 2001).
In Roth v. Cohen, 941 So.2d 496, 499 (Fla. 3d DCA 2006), the Third District explained the analysis to be applied by the trial courts when considering a party’s motion to compel arbitration:
When considering a motion to compel arbitration, three factors need to be considered: (1) whether a valid agreement to arbitrate exists, (2) whether an arbi-trable issue exists, and (3) whether the right to arbitration was waived. See Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999).
Here, no dispute existed as to the validity of the parties’ arbitration agreement or whether an arbitrable issue existed. The only issue presented to the trial court was whether WPRA waived its right to seek arbitration.
In Raymond James Financial Services, Inc. v. Saldukas, 896 So.2d 707 (Fla.2005), the Court quoted National Foundation for Cancer Research v. AG. Edwards & Sons, 821 F.2d 772, 774 (D.C.Cir.1987), in discussing the issue of waiver:
The right to arbitration, like any contract right, can be waived. The [United States] Supreme Court has made clear that the ‘strong federal policy in favor of enforcing arbitration agreements’ is based upon the enforcement of contract, rather than a preference for arbitration as an alternative dispute resolution mechanism. Thus, the question of whether there has been waiver in the arbitration agreement context should be analyzed in much the same way as in any other contractual context. The essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right.
Id. at 711.
We hold that under the totality of the circumstances presented in this case, WPRA waived its right to seek arbitration by issuing discovery requests directed to the merits of the lawsuit because such conduct was inconsistent with the claim asserted in its answer that the matter was subject to arbitration.
Accordingly, the trial court’s order directing the parties to proceed to arbitration is reversed and this matter is remand *180 ed for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ORFINGER and LAWSON, JJ., concur.

. Appellate jurisdiction is proper pursuant to rule 9.130(3)(C)(iv) of the Florida Rules of Appellate Procedure which authorizes appeals to the district courts of non-final orders that determine the entitlement of a party to seek arbitration.

. See § 682.03, Fla. Stat. (2007).