PER CURIAM.
 

 A developer, Lion Gables Realty Limited Partnership (“Lion Gables”), seeks review of two non-final appealable orders compelling arbitration of its third-party claims against three subcontractors, Trust-mark Builders, Inc., Randall Mechanical, Inc., and T.B.P.M. Plumbing, Inc. Lion Gables’ first argument relates to counts 17, 18, 21, 22, 63 and 64 of its third-party complaint, in which it asserts claims based upon its alleged status as an intended third-party beneficiary of the subcontracts. The subcontractors dispute Lion Gables’ status as an intended third-party beneficiary, and the trial court referred this dispute to arbitration. Reviewing the matter de novo,
 
 [1]
 
 we find this to be a threshold issue that should have been decided by the trial court.
 

 Lion Gables’ second argument relates to counts 61, 62 and 64 of its third-party complaint, and only to one of the subcontractors — Trustmark. Lion Gables asserts that the trial court erred in failing to find that Trustmark waived its right to compel arbitration by participating in merits discovery. We agree and reverse as to this issue.
 

 Threshold Issue Involving Lion Gables’ Status as Third-Party Beneficiary
 

 “[Arbitration provisions are binding on the parties to the covenant, as well as on intended, third-party beneficiaries of the contract provided that the parties clearly express, or the contract itself expresses, an intent to primarily and directly benefit the third party.”
 
 Technical Aid Corp. v. Tomaso,
 
 814 So.2d 1259, 1261 (Fla. 5th DCA 2002) (citing
 
 Hirshenson v. Spaccio,
 
 800 So.2d 670 (Fla. 5th DCA 2001));
 
 see also Tartell v. Chera,
 
 668 So.2d 1105, 1106 (Fla. 4th DCA 1996) (holding that appellants could not be compelled to arbitrate because they were neither parties to the contract containing the arbitration clause nor third-party beneficiaries). In ruling on a motion to compel arbitration, the trial court must make three threshold determinations: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.
 
 Seifert v. U.S. Home Corp.,
 
 750 So.2d 633, 636 (Fla.1999). The first of these three issues necessarily
 
 *1100
 
 involves a determination of whether a valid agreement exists
 
 between the parties. See Infinity Design Builders, Inc. v. Hutchinson,
 
 964 So.2d 752 (Fla. 5th DCA 2007) (“In deciding whether arbitration is required, therefore, one must necessarily begin by asking whether the parties contractually agreed to arbitrate.”);
 
 Florida Power & Light Company v. Road Rock, Inc.,
 
 920 So.2d 201, 203 (Fla. 4th DCA 2006) (“ ‘Non-parties to a contract containing an arbitration clause cannot compel parties to a contract to arbitrate unless it is determined that they are a third-party beneficiary to the contract.’”)
 
 (quoting Nestler-Poletto Realty, Inc. v. Kassin,
 
 730 So.2d 324, 326 (Fla. 4th DCA 1999));
 
 cf. Operis Group Corp. v. E.I. at Doral, LLC,
 
 973 So.2d 485 (Fla. 3d DCA 2007) (holding that a challenge to the “very existence” of “an agreement between the parties” constitutes a threshold matter for determination by the trial court);
 
 Shearson, Lehman, Hutton, Inc. V. Lifshutz,
 
 595 So.2d 996 (Fla. 4th DCA 1992) (affirming denial of motion to compel arbitration where there was no evidence that appellees signed written agreement containing arbitration clauses).
 

 Accordingly, we reverse that portion of the orders referring Lion Gables’ third-party beneficiary claims to arbitration and remand with directions that the trial court determine whether Lion Gables is an intended third-party beneficiary of the subcontracts. If the trial court determines that Lion Gables is an intended beneficiary, these counts may then be referred to arbitration for a decision on the merits of the claims. If the trial court finds that Lion Gables is not an intended beneficiary of the subcontracts, the counts should be dismissed.
 

 The Trustmark Claims
 

 The right to arbitrate is based on contract and may be waived.
 
 Raymond James Fin. Servs., Inc. v. Saldukas,
 
 896 So.2d 707, 711 (Fla.2005). In determining whether a party has waived this right, the “ ‘essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right.”
 
 Id.
 
 (quoting
 
 Nat’l Found, for Cancer Research v. A.G. Edwards & Sons,
 
 821 F.2d 772, 774 (D.C.Cir. 1987)). However, Florida’s appellate courts have consistently found waiver where a party participates in discovery on the merits before moving to compel arbitration.
 
 Gordon v. Shield,
 
 41 So.3d 931, 933 (Fla. 4th DCA 2010) (recognizing that propounding discovery would waive right to arbitrate);
 
 Green Tree Servicing, LLC v. McLeod,
 
 15 So.3d 682, 688 (Fla. 2d DCA 2009) (agreeing that participating in merits discovery waived a claimed right to arbitration and noting that both “the Third District and the Fifth District have unequivocally held that propounding discovery related to the merits of pending litigation before moving to compel arbitration results in a waiver of the right to arbitration.”) (citations omitted);
 
 Olson Electric. Co. v. Winter Park Redev. Agency,
 
 987 So.2d 178, 179 (Fla. 5th DCA 2008) (reversing order compelling arbitration because, under the totality of circumstances, the defendant acted inconsistently with the right to arbitrate by propounding discovery requests directed to the merits of the lawsuit);
 
 Estate of Orlanis ex rel. Marks v. Oakwood Terrace Skilled Nursing & Rehab. Ctr.,
 
 971 So.2d 811 (Fla. 3d DCA 2007) (recognizing that defendants availed themselves of benefit of discovery rules by propounding interrogatories, requests to produce and notices to produce to non-parties).
 

 In this case, the trial court correctly determined that Trustmark participated in merits discovery. Florida Rule of Civil Procedure 1.280(a) lists general discovery
 
 *1101
 
 methods, including depositions, interrogatories, production of documents and things, inspections, examinations, and requests for admissions. Florida Rule of Civil Procedure 1.351 deals specifically with the production of documents and things. Subsection (4e) provides that a party receiving copies under this rule “shall furnish a legible copy of each item furnished to any other party who requests it....” Fla. R. Civ. P. 1.351(4e). Trustmark requested copies of documents produced in discovery under this rule. And, although Trustmark attempts to minimize its discovery participation — as only amounting to two requests for copies — a closer examination of the record reveals that these two requests were directed at a number of comprehensive production requests. For example, one notice requested copies of all material furnished in response to a production request directed to non-party Slider Engineering Group, Inc. That request required the production of this firm’s “complete expert file, including notes, graphs, charts, correspondence, emails, reports, addenda, turnover evaluation reports and other documents for your work concerning the project known as Waterstreet @ Celebration in Osceola County, Florida.”
 

 Trustmark’s second “notice to produce copies” was directed to materials furnished in response to production requests directed to three separate entities-Annular Building Group, Celebration Terragon, and Terragon Realty Investors. The categories of documents requested from these entities are at least as expansive as those sought from Slider Engineering Group, Inc. Even if conducting a minimal amount of merits discovery would be insufficient to waive a contractual right to arbitrate, we do not view these discovery requests as minimal.
 

 Therefore, we cannot agree with the trial court’s conclusion that under the “totality of the circumstances” Trustmark did not waive arbitration. The law in Florida is clear that a party’s participation in merits discovery constitutes a waiver of arbitration.
 
 Gordon; Green Tree Servicing, LLC; Olson Electric. Co.; Estate of Orlanis ex rel. Marks.
 
 Having correctly determined that Trustmark participated in discovery, the trial court should also have found that Trustmark waived its right to arbitration.
 
 Id.
 
 Accordingly, we reverse as to this issue as well.
 

 We affirm the orders on appeal as to all issues not addressed in this opinion.
 

 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
 

 TORPY, LAWSON, and COHEN, JJ., concur.
 

 [1]
 

 .
 
 See Olson Electric Co. v. Winter Park Redev. Agency,
 
 987 So.2d 178, 179 (Fla. 5th DCA 2008) (holding that an appellate court reviews a trial court’s order compelling arbitration under the
 
 de novo
 
 standard of review).