ORFINGER, J.
The Florida Insurance Guaranty Association (“FIGA”)[1] appeals, a non-final order, compelling it to participate in an appraisal in its sinkhole homeowner’s insurance dispute with Frank and Tracey Reynolds. FIGA contends that the Reyn-oldses waived their rights to appraisal. We agree and reverse the trial court’s order.[2]
In April 2010, the Reynoldses had a homeowner’s insurance policy with Home-Wise Preferred Insurance Company. Their home sustained suspected sinkhole damage, but HomeWise denied their claim. In February 2011, the Reynoldses sued HomeWise for breach of contract. Home-Wise answered, denying that a sinkhole loss had occurred, and more generally, denying that any covered loss had occurred. In September 2011, the case was stayed due to HomeWise’s insolvency. In June 2012, after FIGA was activated, the Reyn-oldses amended their complaint to substitute FIGA for HomeWise. The amended complaint did not mention appraisal.
In August 2012, FIGA filed its answer. FIGA admitted that it agreed to pay for the Reynoldses’ “covered claim for sinkhole loss” within certain limits. On October 11, 2012, the Reynoldses filed a motion to compel mediation in which they noted that “the parties originally disagreed as to whether the [Reynoldses’] home has been damaged by sinkhole activity. However, FIGA has apparently conditionally accepted liability for the loss, but has put unreasonable conditions on payment of benefits.” That same day, the Reynoldses also moved to compel responses to previously-filed interrogatories. In January 2013, the Reynoldses moved for partial summary judgment as to FIGA’s liability, and a week later they noticed the case for trial. In July, FIGA again conceded that the Reynoldses had “a covered claim and there is no dispute over whether sinkhole activity exists at the subject property.” FIGA only contested the amount due. In September, the trial court granted the Reynoldses’ motion for partial summary judgment. On October 7, the Reynoldses demanded appraisal in a letter to FIGA. Shortly thereafter, the Reynoldses filed a motion to compel appraisal, which the trial court granted. FIGA appeals that order.
The issue of waiver of appraisal rights is reviewed de novo when the facts are undisputed. Fla. Ins. Guar. Ass’n v. Branco, 148 So.3d 488, 493-94, 2014 WL 4648208 (Fla. 5th DCA Sept. 19, 2014). A waiver of the right to seek appraisal occurs when the party seeking appraisal actively participates in a lawsuit or engages in conduct inconsistent with the right to appraisal. See id. at 493 (citing Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005)). In Branco, we explained that
the question of waiver of appraisal is not solely about the length of time the case is pending or the number of filings the appraisal-seeking party made. Instead, the primary focus is whether [the insureds] acted inconsistently with their appraisal rights. Saldukas, 896 So.2d at *842 711; see Am. Capital Assur. Carp. v. Courtney Meadows Apartment, L.L.P., 36 So.3d 704, 707 (Fla. 1st DCA 2010) (finding party did not waive right to appraisal as party had not acted inconsistently with right from time of demand).
Unlike arbitration, “[ajppraisal exists for a limited purpose — the determination of ‘the amount of the loss.’ ” Citizens Prop. Ins. Carp. v. Mango Hill # 6 Condo. Ass’n, 117 So.3d 1226, 1230 (Fla. 3d DCA 2013). Until the insurer has a reasonable opportunity to investigate and adjust the claim, there is no “disagreement” (for purposes of appraisal) regarding the value of the property or the amount of loss to be appraised. Citizens Prop. Ins. Corp. v. Galería Villas Condo. Ass’n, 48 So.3d 188, 191 (Fla. 3d DCA 2010) (reversing prematurely-ordered appraisal). An insurer that denies coverage does not need to seek appraisal before litigation because “[i]t would make no sense to say that [the insurer] was required to request ... appraisal on a loss it had already refused to pay.” Gonzalez v. State Farm Fire & Cas. Co., 805 So.2d 814, 817 (Fla. 3d DCA 2000); see Chimerakis v. Sentry Ins. Mut. Co., 804 So.2d 476, 480 (Fla. 3d DCA 2001) (holding “an action to compel appraisal does not accrue until the policy conditions precedent have been performed or waived, and appraisal is then refused”). Absent contract language to the contrary, we see no reason why the insured should not have the same flexibility in cases when coverage is denied. But see Cypress Pointe at Lake Orlando Condo. Ass’n v. Mt. Hawley Ins. Co., No. 6:10-cv-1459-Orl-36TBS, 2012 WL 6138993, at *2 (M.D.Fla. Nov. 19, 2012) (finding insured acted inconsistently with appraisal right by pursuing litigation for two years, though insurer consistently denied coverage).
Id. at 493-94.
Here, FIGA acknowledged that the Reynoldses sustained a covered loss in August 2012.[3] Appraisal became appropriate at that time. Id. at 494 (explaining appraisal not appropriate until coverage conceded or determined by court). However, the Reynoldses waited a little over a year after FIGA’s admission of coverage before demanding appraisal. During that time, the Reynoldses moved to compel responses to discovery requests, sought and obtained a partial summary judgment, and noticed the case for trial. The long delay, combined with the significant litigation activities pursued by the Reynoldses after coverage was conceded, distinguishes this case from Branco. Taken together, these undisputed facts demonstrate that the Reynoldses acted inconsistently with, and waived, their rights to appraisal. See Morrell v. Wayne Frier Manufactured Home Ctr., 834 So.2d 395, 395-98 (Fla. 5th DCA 2003) (finding waiver where party litigated for eleven months with various motions and pleadings); ARI Mut. Ins. Co. v. Hogen, 734 So.2d 574, 576 (Fla. 3d DCA 1999) (finding waiver when party engaged in “aggressive” litigation for nine months); Owens & Minor Med., Inc. v. Innovative Mktg. & Distribution Servs., Inc., 711 So.2d 176, 176 (Fla. 4th DCA 1998) (finding waiver when party litigated for thirteen months); Gray Mart, Inc. v. Fireman’s Fund Ins. Co., 703 So.2d 1170, 1171-73 (Fla. 3d DCA 1997) (finding waiv *843 er following fourteen months of litigation and demand for appraisal one month before trial).
For these reasons, we conclude the trial court’s finding that the Reynoldses did not waive their rights to appraisal was error, and reverse.
REVERSED and REMANDED.
PALMER and EVANDER, JJ., concur.

. "FIGA is a public, nonprofit corporation created by statute to provide a mechanism for payment of covered claims under certain classes of insurance policies issued by insurers which have become insolvent." Fla. Ins. Guar. Ass'n v. Devon Neighborhood Ass’n, 67 So.3d 187, 189 (Fla.2011); see §§ 631.51, 631.55, Fla. Stat. (2011).

. Because this issue is dispositive, we do not address FIGA’s other arguments.

. The Reynoldses urge us to hold that the coverage dispute was not resolved until the trial court entered partial summary judgment in September 2013. However, the Reyn-oldses conceded below that FIGA had already accepted liability for the loss in October 2012. Therefore, we reject the Reynoldses' position.