PER CURIAM.
The Florida Insurance Guaranty Association (FIGA) appeals the non-final order compelling it to participate in an appraisal to determine the amount of loss the insureds, Martin and Claudia Monaghan, suffered as the result of sinkhole activity on their property.[1] FIGA argues that the order compelling appraisal must be reversed because (1) the dispute involves the “method of repair,” not the “amount of loss,” which is the sole appraisable issue under the policy; and (2) the Monaghans waived any right to appraisal by delaying their demand for appraisal and actively litigating the case.
As to the first issue, we affirm without further discussion. See Fla. Ins. Guar. Ass’n v. Branco, 148 So.3d 488, 491-93 (Fla. 5th DCA 2014) (holding that “method of repair” is an issue that falls within the scope of “amount of loss”).
Regarding the second issue, the record reveals that the Monaghans had a homeowner’s insurance policy through Home-Wise Preferred Insurance Company that *512 provided sinkhole coverage. HomeWise denied coverage after a neutral evaluator determined that sinkhole damage could not be ruled out and that the recommended course of repair would cost approximately $128,140. On April 11, 2011, the Mona-ghans filed suit. When HomeWise did not respond, the Monaghans obtained a clerk’s default and moved for final summary judgment for damages of $405,393.88 plus interest. The case was stayed due to the insolvency and liquidation of HomeWise. FIGA was . “activated” on November 4, 2011, to handle covered claims of Home-Wise’s insureds. On August 28, 2012, the Monaghans served an amended complaint substituting FIGA for HomeWise and alleging that FIGA had breached the insurance policy by failing to pay benefits.
On October 10, 2012, FIGA served its answer and affirmative defenses. It answered that it “has agreed to pay Plaintiff’s covered claim for sinkhole loss pursuant to Fla. Stat. § 631.64(3)(c) (2011)” and asserted in its affirmative defense that it “has not denied by affirmative action Plaintiffs’ covered claim or a portion thereof.” FIGA subsequently relied on this language to show it had agreed to cover the claim as early as October 10, 2012, yet the Monaghans had continued to pursue litigation.
On September 6, 2013, the Monaghans’ attorney wrote FIGA’s counsel and demanded appraisal. On September 27, 2013, the Monaghans’ attorney signed a Motion to Compel Appraisal and Stay of Proceedings Pending Completion of Appraisal. On October 2, 2013, FIGA served a Motion in Opposition to Plaintiffs’ Motion to Compel Appraisal. It asserted that after FIGA was named a defendant, FIGA’s October 2012 Answer to the complaint was that it had agreed to pay the covered claim. FIGA disputed ever having denied the claim and asserted that the Monaghans had actively pursued litigation from the date they named FIGA as a defendant to the present.
The trial court rendered a non-final order granting the Monaghans’ Motion to Compel Appraisal and stayed the case pending that appraisal. FIGA appeals, contending that the Monaghans waived the right to an appraisal by actively participating in litigation long after FIGA had agreed to pay their claim.
Case law instructs that in analyzing the waiver issue, this court should (1) look at the length of time that lapsed between FIGA’s admission of coverage and the Monaghans’ claim for appraisal; and (2) evaluate the Monaghans’ actions during that period to determine whether they engaged in significant legal activity that was inconsistent with their right to an appraisal. Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005); Fla. Ins. Guar. v. Reynolds, 148 So.3d 840 (Fla. 5th DCA 2014); Branco, 148 So.3d at 493.
In FIGA’s Answer, FIGA admitted that it “has agreed to pay Plaintiffs ‘covered claim’ for sinkhole loss as defined by Fla. Stat. § 631.54(3)(c) (2011).” We believe that this was an admission of coverage. See Reynolds, 148 So.3d at 842. Therefore, because FIGA’s Answer is an admission of coverage, appraisal became appropriate on October 10, 2012, which is the date of FIGA’s Answer.
The record further reveals that in the eleven months between October 10, 2012, and the date the Monaghans requested appraisal on September 6, 2013, the Mona-ghans actively pursued litigation. On October 19, 2012, the Monaghans served their First Set of Interrogatories on FIGA. The Monaghans also served FIGA with their First Request for Production of Documents. On January 8, 2013, the Mon-aghans filed their Notice for Trial, in *513 which they reasserted their demand for jury trial. On April 29, 2013, the case was referred to a general magistrate, with a case management conference date set for May 22, 2013. The Monaghans filed their pre-conference Statement on May 20, and subsequently attended the case management conference. On May 23, 2013, the general master recommended mediation, and the trial court ordered the parties to mediation. Both FIGA and the Mona-ghans filed a mediation statement and participated in the mediation process. The mediation proved unsuccessful. The Mon-aghans demanded appraisal on September 6, 2013, and subsequently filed a Motion to Compel Appraisal and Stay of Proceedings Pending Completion of Appraisal on September 27, 2013.
In Reynolds, this court concluded that a delay of just over a year, during which time the insureds filed a motion to compel mediation, moved to compel responses to previously-filed interrogatories, sought and obtained partial summary judgment as to FIGA’s liability, and noticed the case for trial constituted “significant litigation activity” such that the insureds had waived their right to appraisal. Id. at 842. To support its conclusion, this court cited the following cases:
Morrell v. Wayne Frier Manufactured Home Ctr., 834 So.2d 395, 395-98 (Fla. 5th DCA 2003) (finding waiver where party litigated for eleven months with various motions and pleadings); ARI Mut. Ins. Co. v. Hogen, 734 So.2d 574, 576 (Fla. 3d DCA 1999) (finding waiver when party engaged in “aggressive” litigation for nine months); Owens & Minor Med., Inc. v. Innovative Mktg. & Distribution Servs., Inc., 711 So.2d 176, 176 (Fla. 4th DCA 1998) (finding waiver when party litigated for thirteen months); Gray Mart, Inc. v. Fireman’s Fund Ins. Co., 703 So.2d 1170, 1171-73 (Fla. 3d DCA 1997) (finding waiver following fourteen months of litigation and demand for appraisal one month before trial).
Id. at 842-43; see also Lion Gables Realty, Ltd. v. Randall Mech., Inc., 65 So.3d 1098 (Fla. 5th DCA 2011) (holding that right to arbitrate was waived by propounding discovery directed to the merits of pending litigation before moving to compel arbitration); Olson Elec. Co. v. Winter Park Redev. Agency, 987 So.2d 178, 179 (Fla. 5th DCA 2008) (holding that party waived right to arbitrate by issuing discovery requests directed to the merits of the lawsuit before filing a motion to compel arbitration).
In both Reynolds and the instant case, there was a period of approximately one year between the concession of coverage and the request for appraisal; and in both cases, the insureds engaged in significant litigation during the period between the concession of coverage and the claim for appraisal. Here, prior to filing their motion to compel arbitration, the Monaghans went so far as to file discovery requests, reassert their demand for a jury trial, and prepare for, and attend, a case management conference and mediation.
We conclude that the Monaghans acted inconsistently with their right to appraisal. Therefore, the trial court erred in ruling that the Monaghans had not waived their appraisal right. Accordingly, we reverse the order under review and remand this case to the trial court.
REVERSED and REMANDED.
SAWAYA, EVÁNDER and COHEN, JJ., concur.

. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), which provides jurisdiction "[to determine] the entitlement of a party to arbitration, or to an appraisal under ah insurance policy.”