EVANDER, C.J.,
In this assisted living facility negligence case, the defendants below appeal a nonfinal order denying their motion to compel arbitration. We have jurisdiction.[1] Because the evidence supports the trial court's finding that Appellants waived their right to arbitration, we affirm.
Appellee, Gail Boylan, lived at the Allegro at Harbour Island assisted living facility for slightly more than one month. She sued the facility's owner, management company, and administrator (collectively "Appellants") for negligence and breach of fiduciary duty after suffering injuries from a fall during her stay at the facility. Appellants timely filed a motion to abate and compel arbitration based on an arbitration provision in Boylan's resident agreement with the facility. Pursuant to the parties' stipulation, the trial court entered an order authorizing the parties to conduct limited discovery regarding arbitration.
However, in a subsequent deposition of Appellee's daughter and attorney-in-fact, Appellants' counsel asked numerous questions that went to the merits of the underlying case. As a result, the trial court properly found that the deposition "cover[ed] matters extrinsic to the limited scope permitted by this Court's Order ... and consequently was inconsistent with the right to arbitrate."
"The right to arbitration, like any contract right, can be waived." Raymond James Fin. Servs., Inc. v. Saldukas , 896 So.2d 707, 711 (Fla. 2005) (quoting Nat'l Found. for Cancer Research v. A.G. Edwards & Sons, Inc. , 821 F.2d 772, 774 (D.C. Cir. 1987) ). Waiver is the "voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right." Id. (citing Major League Baseball v. Morsani , 790 So.2d 1071, 1077 n.12 (Fla. 2001) ). The right to arbitrate "must be safeguarded by a party who seeks to rely upon that right, and the party must not act inconsistently with the *251 right." Id. In determining whether the right to arbitration has been waived, "[t]he essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right." Saldukas , 896 So.2d at 711.
This Court has expressly held that engaging in merits discovery is inconsistent with an arbitration request and constitutes a waiver of the right to arbitration. See Lion Gables Realty Ltd. v. Randall Mech., Inc. , 65 So. 3d 1098, 1101 (Fla. 5th DCA 2011) ("The law in Florida is clear that a party's participation in merits discovery constitutes a waiver of arbitration."); Olson Elec. Co. v. Winter Park Redev. Agency , 987 So.2d 178, 179 (Fla. 5th DCA 2008) (holding that party waived its contractual right to seek arbitration when it propounded discovery directed to merits of opposing party's claims). Other courts have held the same. See, e.g. , Green Tree Servicing, LLC v. McLeod , 15 So.3d 682, 687 (Fla. 2d DCA 2009) (holding that party waived its claimed right to arbitration by participating in discovery related to merits of pending litigation, even where that discovery occurred after filing motion to compel arbitration; further observing that there is no requirement for proof of prejudice for effective waiver of arbitration right).
Here, the record supports the conclusion that, under the totality of the circumstances, Appellants waived their right to arbitration. Accordingly, the trial court properly denied Appellants' motion to abate and compel arbitration.
AFFIRMED.
EDWARDS and HARRIS, JJ., concur.

See Fla. R. App. P. 9.130(a)(3)(C)(iv).